July 6, 2015

81,893-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 10 2015

Abel Acosta, Clerk

In Court of Criminal Appeals
Office of the Clerk
201 W. 14th St., Rm. 106
Austin, Texas 78701

In re: Ex parte Joseph Johnson Jr.: Cause No. 1234108-B
Harris County

To The Clerk:

Please find enclosed for filing & review by the Court my "Applicant's Objection To & Rebuttal of State's Original Answer" in the above filed Writ of Habeas Corpus out of Harris Co., Texas. I have not included the Court's Writ Number as I have yet to receive Notice from this office. I please request notice of receipt of this document either by White card or return of a file-stamped copy of this letter. I thank you for your attention to this matter.

Respectfully submitted,
/s/ Joseph Johnson Jr.
Joseph Johnson Jr. 1758171
C.T. Terrell Unit
1300 F.M. 655
Rosharon, Tx 77583

Dated & documented

EX PARTE                         §

JOSEPH JOHNSON JR §    WRIT NO. _____

            Applicant      §

APPLICANTS' OBJECTION TO AND

REBUTTAL OF STATE'S ORIGINAL

ANSWER IN CAUSE NO. 1234108-B

BEFORE THE HONORABLE COURT:

COMES NOW JOSEPH JOHNSON JR., Applicant pro se, and files this his "Applicant's Objection To And Rebuttal of State's Original Answer" in Cause No. 1234108 (B) to point out the falicies by the State. As such, Applicant points to the clear inaccuracies of the State's Original Answer to-wit:

I.

Though confined illegally pursuant to a judgment and sentence of the 184th District Court in Cause No. 1234108, the State has failed to prove that Applicant was even [in court] on November 29, 2011, though in the custody of the Harris County jail, when the alleged plea of guilty was "alleged" to have been entered.

The original Docket Sheet microfilmed

and on file in the State Law Library [fails] to show any presence of Applicant in Court on November 29, 2011, the factual and legal basis for the successive filing, in part, and clearly does show the factual altering of the Court documents in order to obtain a bogus conviction. This act reeks of a Morton Act violation of 2012.

As well, Applicant's contention that his Right to Due Process of Law [HAS BEEN] violated, a clear United States Constitution pursuant to the Fifth & Fourteenth Amendments, and, a violation of the Texas Constitution, Bill of Rights, Art.s 1-13 & 1-19, Due Course of Law.

Applicant had a Right to Due Process of Law, a Right to a jury trial (Tx. Const. Art. 1815; Apprendi v. New Jersey, 530 U.S. 466, 120 S.ct. 2348 (2000) yet outrageous government conduct by the prosecution violated that due process (U.S. v. Arditti, 955 F.2d 331 (5th Cir (Tex) 1992)). The altering of the documents is a defect which renders sentence void and may be raised at ANY time. (Levy v. State, 818 S.W.2d 801 (Cr. App. 1991)).

An act is done [WILLFULLY] it done voluntarily and intentionally and with the specific intent

to do something the Law forbids, that is to say, with bad purpose to disobey and disregard the Law. (U.S. v. Cartwright, 6 F.3d 296, 302 (5th Cir, 1993)).

Applicant holds, that but for the Constitutional violation of being denied Due Process of Law, NO rational juror could have found him guilty beyond a reasonable doubt. The Harris County prosecutor was fairly aware NO evidence existed to obtain a conviction so went about obtaining it illegally without Applicant being taken before the Court.

Docket sheet clearly indicated Applicant's [LAST] day in Court was November 17, 2011. Applicant refused to plead Guilty as he was actually innocent in this instance. Only by way of the corrupt act of altering previous documents while being represent by attorney Michael Chevlon was the prosecution part way able to obtain illegal conviction. How the non-appearance of Applicant was explained to Judge Jan Krocker Applicant has no knowledge of.

## SUMMARY

As Applicant did not become aware of the altered documents until AFTER filing of his

original Art. 11.07, and this by the grace of God, which he is sure Harris County never intended, under "excusable neglect doctrine" he filed his successive Writ on holdings of prior Court decisions.

WHEREFORE, Premises Considered, Applicant holds the State's Original Answer in this instance is without merit and an action to keep the Court from examining the altered documents, clear showing of criminal intent and act of official oppression to wrongfully convict an innocent person. States Original Answer should be dismissed with prejudice.

Respectfully submitted,

Joseph Johnson Jr.

Joseph Johnson Jr. 1758171
C.T. Terrell Unit
1300 F.M. 655
Rosharon, Tx 77583

<u>*UNSWORN DECLARATION*</u>

I, Joseph Johnson Jr, T.D.C.J. #1758171, being presently illegally restrained of my liberty at the T.D.C.J. C.T. Terrell Unit located at 1300 FM 655, Rosharon, Texas 77583 in Brazoria County, declares under penalty of perjury the foregoing is true and correct.

Date: July 6, 2015        /s/ Joseph Johnson Jr.

                                        Affiant